UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE SAFFOLD,

    Plaintiff,

                              CASE NO. 17-CV-14088
v.                           HON. GEORGE CARAM STEEH

E.L. HOLLINGSWORTH &
CO.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT (Doc. 14)

In this employment discrimination suit brought under Title VII and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), pro se Plaintiff, Jacqueline Saffold, a 54-year old African American, who worked for Defendant E.L. Hollingsworth & Co. for sixteen months, first as a data entry clerk, and later as a contract manager in the IT department, alleges Defendant wrongfully terminated her based on her race and in retaliation for her complaints of alleged workplace misconduct. On March 12, 2018, this court recommended that Plaintiff contact the Detroit Mercy Law Pro Se Clinic and provided her with its address and telephone number. To her detriment, it appears that Plaintiff has not done so. Now before the court is

Plaintiff's motion for summary judgment. Defendant has not filed a cross-motion for summary judgment, but discovery does not close until September 14, 2018, and the dispositive motion cut-off date is October 15, 2018.

In support of her motion for summary judgment, Plaintiff relies solely on her own factual allegations in her brief which are not supported by affidavit or deposition testimony, Defendant's responses to her interrogatories, Defendant's answer to her request for admission, and Defendant's Affirmative Defenses set forth in its Answer. Plaintiff argues that Defendant has committed perjury because in its Affirmative Defenses, Defendant denied that Plaintiff had complained of harassment or discrimination when in fact, she complained to human resources and filed two EEOC complaints. In response to Plaintiff's motion for summary judgment, Defendant argues that its Affirmative Defense that Plaintiff had not complained of alleged harassment or discrimination was accurate because it did not find that any harassment or discrimination took place. Defendant's explanation makes too fine a point. Nevertheless, whether Defendant's Affirmative Defense is credited is not the proper basis for entering summary judgment in favor of Plaintiff.

Federal Rule of Civil Procedure 56(c) empowers the court to render

summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

Plaintiff has failed to show that she is entitled to summary judgment. Plaintiff has not submitted any deposition testimony or affidavits in support of her motion. Her reliance on unsupported allegations in her brief is insufficient. Also, Defendant's responses to her interrogatories, answer to her request for admission, and its statements set forth in its Answer and Affirmative Defenses do not demonstrate as a matter of law that Defendant is liable for race discrimination or retaliation pursuant to Title VII or ELCRA. In response to Plaintiff's motion for summary judgment, Defendant submitted the affidavit of its Director of Human Relations, Kristina Lemons,

which states that Plaintiff was terminated solely due to economic business reasons and her termination had nothing to do with her earlier EEOC claim or on account of her age, sex, or race. Lemons' affidavit is sufficient to raise a genuine issue of material fact as to Plaintiff's discrimination and retaliation claims.

Having failed to demonstrate that there are no genuine issues of material fact as to her claims of discrimination and retaliation, Plaintiff's motion for summary judgment (Doc. 14) is DENIED.

Plaintiff is again encouraged to seek legal assistance from the Detroit Mercy Law Pro Se Clinic, located in Room 463 of the Theodore Levin United States Courthouse, which is open on Mondays, Wednesdays, and Fridays from 1:00 to 5:00 pm. Plaintiff can make an appointment to meet with the Clinic by going to Room 463 during office hours, calling (313) 234-2690, or emailing the Clinic at [proseclinic@udmercy.edu](mailto:proseclinic@udmercy.edu).

**IT IS SO ORDERED.**

Dated: August 17, 2017

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2017, by electronic and/or ordinary mail and also on Jacqueline Saffold, 18611 Robson St., Detroit, MI 48235.

s/Barbara Radke
Deputy Clerk